## George Berlin *v.* H. Gilly & Co.

It is not necessary to move in open court to have a decree of the Supreme Court recorded in an inferior court, as Article 620 of the Code of Practice, requiring it, is repealed by the Act of 1855, relative to the duties of the Clerks of the District Courts.

A party who has pointed out property, is estopped from objecting to the action of the Sheriff in levying upon it.

APPEAL from the District Court of the Parish of Avoyelles, *Cullom,* J. *T. C. Manning,* for plaintiff and appellant. *H. & S. L. Taylor,* for defendant.

Cole, J. Defendant being a judgment creditor of plaintiff, caused a *fi. fa.* to

issue; and the Sheriff, having seized property to satisfy the same, was enjoined from selling it.

The injunction was dissolved, and plaintiff has appealed.

It is contended, that under Articles 619 and 620 of the Code of Practice, decrees of the Supreme Court cannot be executed until recorded in the inferior court, where judgment was first rendered and until such record has been ordered, by motion in open court; and that the decree of the Supreme Court, under which the said *fi. fa.* issued, was never so recorded.

It appears, that without any motion in open court having been made, the decree was recorded in the lower court, and an execution issued.

It was unnecessary to move in open court to have the decree recorded; because Article 620, C. P., requiring it, is repealed by the Act of 1855, p. 51, § 5, which authorizes Clerks of District Courts to receive, file and record all mandates and decrees of the Supreme Court, and to issue all legal process thereon. See also, Act of 1852, No. 305, § 4, Sess. Acts, p. 207.

Plaintiff also complains of the mode in which the seizure has been made; that of the property seized there are two tracts of land, which, before the levy, he had sold; and that he will be subjected to a suit in damages by the vendees, if they are sold by the Sheriff; that of the land admitted to be his, the Sheriff has not seized such lots as were contiguous; but has seized detached lots, the sale of which would cut up his land in such a manner, as to render it impossible for him to sell it hereafter.

It is a sufficient response to these objections, that there is no proof in the record that plaintiff has ever disposed of any of the land; and further, that as he pointed out to the Sheriff the property which was seized, and directed him to levy on the same, he is estopped from objecting to the action of the Sheriff in levying on it.

Plaintiff has called our attention to an error of the lower court, in allowing three per cent. interest as damages, from the 28th March, 1856, the date specified in the original judgment, till paid; this is incorrect, but the error does not seem to have been called to the attention of the lower court.

The interest allowed as damages should have been calculated from the date of the service of the injunction until its dissolution.

The District Court allowed three per cent. interest as damages; and also fifty dollars as Attorney's fees for defending the suit; defendant has prayed in this court for an increase of damages; we think he is entitled to the same.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended as follows, to wit: that the part of the judgment which decrees that the defendant, *H. Gilly,* recover of *George Berlin* and his security *Auguste Voinchi,* jointly and severally, three per cent. interest on $1,056 83, the principal of the amount of the judgment enjoined, from the 28th March, 1856, till paid, be avoided and reversed; and it is further ordered and decreed, that said defendant recover of said *Berlin,* and *Voinchi,* his security, jointly and severally, three per cent. interest on $1,056 83, the principal of the amount of the judgment enjoined, from the 5th of November, 1857, the date of the service of the injunction, until its dissolution; it is further ordered and decreed, that in addition to the fifty dollars allowed by the lower court as special damages, the said *Gilly* shall also recover fifty dollars as general damages; and that the judgment so amended be affirmed, and that appellants pay the costs of appeal.